UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW MULLER, <br> Plaintiff, <br> v. <br> ALAMEDA COUNTY, et al., <br> Defendants. | Case No. 20-cv-03516-RS (PR) <br><br> **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff's 42 U.S.C. § 1983 complaint is DISMISSED with leave to file an amended complaint on or before **November 2, 2020**. The current complaint contains various deficiencies, which are described below and which must be addressed in the amended complaint.

Plaintiff's suit may be barred because a judgment in favor of defendants might necessarily imply his state convictions are invalid. He alleges that in 2015 various state actors violated his federal constitutional rights by seizing and searching property and dwellings plaintiff either owned or with which he was associated. (Compl., Dkt. No. 1 at 3ff.) These searches and seizures led to criminal charges being filed against plaintiff for breaking into a house and attempting to rob the residents. (*Id.* at 3.) This suit cannot proceed unless plaintiff can prove either (i) the charges were dismissed, or (ii) if the charges resulted in a conviction, the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, plaintiff's civil rights complaint is DISMISSED with leave to

file an amended complaint on or before **November 2, 2020**. <u>Failure to file an amended complaint that complies in all respects with the instructions in this order will result in the dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.</u>

## DISCUSSION

### A. Standard of Review

In its initial review of this pro se complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction

or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Id.* at 487.

*Heck*'s bar is broad. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, a judgment that defendants' searches and seizures of property connected to the criminal investigation leading to plaintiff's arrest, indictment, and (supposed) conviction violated his constitutional rights would necessarily imply the invalidity of his conviction or sentence. Because it is not clear from the complaint that his convictions have been invalidated (or that the charges were dropped), the complaint is DISMISSED with leave to file an amended complaint that addresses this concern. If he was convicted, plaintiff must state the date of conviction, what charges he was convicted of, and the length of his sentence.

Furthermore, plaintiff's claims may be barred by the statute of limitations. Plaintiff should be aware that any claims based on events occurring before May 2016 (four years before plaintiff filed the present complaint) are likely untimely. Section 1983 takes its limitations period from the forum state's statute of limitations for personal injury torts, *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985), which, in California, is two years as of 2003, *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1. This two-year statute of limitations period is tolled for two years if the plaintiff is a prisoner serving a term of less than life thus giving such prisoners effectively four years to file a federal suit. *See* Cal. Civ. Proc. Code § 352.1(a); *Azer v. Connell*, 306 F.3d 930, 936

United States District Court
Northern District of California

(9th Cir. 2002) (federal courts borrow the state's equitable tolling rules if they are not inconsistent with federal law).  <u>Plaintiff should be aware that if his amended complaint is not barred by *Heck* and is served on defendants, they may challenge his claims as untimely.</u>

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **November 2, 2020**.  The amended complaint must include the caption and civil case number used in this order (20-03516 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**Dated:**  September 22 , 2020

_____
RICHARD SEEBORG
United States District Judge